NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANCE WILLIAMS,

   Plaintiff - Appellant,

 v.

D. JUST, Officer,

   Defendant - Appellee,

and

T. VILLESCAZ, Officer,

   Defendant.

No. 24-5251

D.C. No.
2:18-cv-00740-KJM-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 17, 2025[**]

Before: SILVERMAN, OWENS, and BRESS, Circuit Judges.

Lance Williams appeals pro se from the district court's judgment dismissing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging constitutional claims arising from his custody in a California prison. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Applied Underwriters, Inc. v. Lichtenegge*r, 913 F.3d 884, 890 (9th Cir. 2019). We affirm.

The district court did not abuse its discretion in dismissing Williams's action because Williams failed to comply with the district court's order to attend a pretrial conference and to respond to the court's order to show cause. *See* Fed. R. Civ. P. 41(b) (permitting dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (setting forth factors to consider in determining whether to dismiss under Fed. R. Civ. P. 41(b)).

In light of our disposition, we do not consider Williams's contentions concerning interlocutory orders by the district court. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (holding that interlocutory orders are not appealable after a dismissal for failure to prosecute).

We do not consider contentions and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**